## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        :
CLARENCE J. McCALLUM,                   :
                                        :
               Petitioner,              :
                                        :
       v.                               :       Civil Action No.  12-0702 (JDB)
                                        :
UNITED STATES PAROLE                    :
COMMISSION,                             :
                                        :
               Respondent.              :
_____       :

### MEMORANDUM OPINION

        Clarence J. McCallum has filed a petition for a writ of habeas corpus, and the United

States Parole Commission has responded to the Court's order to show cause.  For the reasons

discussed below, the petition will be denied and this action will be dismissed.

### I.  BACKGROUND

        In July 1983, in the Superior Court of the District of Columbia, petitioner was sentenced

to an aggregate prison term of eight to 24 years on his conviction for rape while armed and

robbery, U.S. Parole Comm'n's Opp'n to Pet'r's Pet. for a Writ of Habeas Corpus ("USPC

Opp'n"), Ex. A (Judgment and Commitment Order, Case No. F-5812-82), and to a consecutive

prison term of three to 10 years for assault with intent to rape, id., Ex. A (Judgment and

Commitment Order, Case No. F-3976-82).  Petitioner was released on parole on November 1,

1993, to a Maryland detainer.[1]  Id., Ex. B (Certificate of Parole dated October 6, 1993); see Pet.

_____
[1]      It appears that petitioner had been convicted of robbery and kidnapping in the State of
Maryland and was sentenced to a 25-year prison term.  See USPC Opp'n, Ex. C (Notice of
Action dated August 23, 2003) at 2.

at 2.  As of November 1, 1993, petitioner was to remain under parole supervision until October 5, 2016, the date on which the aggregate Superior Court sentences would expire.  *See* USPC Opp'n, Ex. B.  Petitioner served nine years until the Maryland authorities released him on parole on May 20, 2002, at which time he returned to the District of Columbia.  Pet. at 2-3.

Review of the record of this case indicates that, since petitioner's return to the District of Columbia, his parole has been revoked on three occasions.[3]  *See* USPC Opp'n, Ex. E, H & L (Notices of Action dated September 12, 2008, May 26, 2010, and December 28, 2011, respectively).  Petitioner's most recent release on parole occurred on April 19, 2012, and he was to remain under parole supervision through March 15, 2026.  *See id.*, Ex. L (Certificate of Parole).  However, his sentence calculation was found to be incorrect, and on July 18, 2012, the Federal Bureau of Prisons recalculated the sentences "to accurately reflect a full-term sentence date of October 3, 2016."  USPC Opp'n at 3 n.2; *see id.*, Ex. N (Sentence Monitoring Computation Data) at 2.

The USPC since has issued a warrant for petitioner's arrest, *see id.*, Ex. M (Warrant dated June 18, 2012), prompted by a positive drug test result on May 8, 2012, and his arrest in the District of Columbia in May 27, 2012, for simple assault and kidnapping.  *See id.*, Ex. M (Warrant Application dated June 18, 2012) at 2.  The violator warrant was executed on August 19, 2012.  *See* Pet. at 2.  According to the Superior Court docket of the corresponding criminal case, *see United States v. McCallum*, No. 2012-CF3-9238 (D.C. Super. Ct. filed May 28, 2012), an indictment was filed on June 20, 2012, charging petitioner with threats and kidnapping, and

---

[3]     The USPC vacated the first parole revocation decision, *see* USPC Opp'n, Ex. C-D (Notices of Action dated August 20, 2003 and September 21, 2007, respectively), upon a ruling in petitioner's favor in a habeas action before the United States District Court for the Northern District of West Virginia.  *See McCallum v. Reilley*, No. 1:04CV142, 2007 WL 2455662 (N.D.W.V. Aug. 24, 2007) (granting petition for habeas corpus in part and remanding revocation matter to the USPC).

petitioner entered guilty pleas on October 3, 2012.  Sentencing has been set for December 14, 2012.

## II.  DISCUSSION

According to petitioner, "without any official judicial court order," the USPC has imposed an "illegal post parole sentence of 14 years, 6 months, and 25 days as stated on the sentence monitoring computation data as of 04/03/2012, with an expiration full term date of 03/15/2026, enhancing [his] original expiration date of 2016 to 2026."  Pet. at 6.  The Court construes the petition as a general challenge to the authority of the USPC to revoke parole and to require the service of additional time in custody as a sanction for parole violations.

It is settled that the USPC "has had jurisdiction over parole matters of District of Columbia felons since August 1998."  *Ray v. U.S. Parole Comm'n*, No. 11-2127, 2012 WL 252238, at *2 (D.D.C. Jan. 26, 2012) (citations omitted); *see Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998) (discussing transfer of paroling jurisdiction for District of Columbia prisoners from the former District of Columbia Board of Parole to the USPC).  It may grant, deny, or revoke parole, and it may impose or modify conditions of parole for any felon who is eligible for parole or reparole under District of Columbia law.  *See* D.C. Code § 24-131(a).  In addition, it clearly has the authority to return a parolee to prison upon an order revoking parole.  *See Morrissey v. Brewer*, 408 U.S. 471, 478-80 (1972); *see also McFadden v. Wainwright*, No. 10-1198, 2010 WL 4871193, at *2 (D.D.C. Dec. 1, 2010) ("In exercising its authority, the Commission, upon a credible allegation that a parolee has violated the conditions of his release, may issue a warrant for the apprehension and return of the offender to custody.") (citation, internal quotation marks and brackets omitted).  The statutes under which the USPC operates "govern the execution of a judicially imposed sentence," *Moore v. U.S. Parole Comm'n*,

No. 10-1987, 2011 WL 550003, at *1 (D.D.C. Feb. 10, 2011), and the USPC "does not usurp a

judicial function when, as here, it acts 'pursuant to the parole laws and regulations of the District

of Columbia.'" *Thompson v. District of Columbia Dep't of Corr.*, 511 F. Supp. 2d 111, 114

(D.D.C. 2007) (quoting D.C. Code § 24-131(c)).  The USPC neither has imposed a new sentence

for petitioner to serve nor has it exercised judicial power as if it were a Superior Court judge.

Petitioner's challenge to the alleged imposition of a "post parole sentence of 14 years, 6

months, and 25 days," Pet. at 6, arises from the erroneous sentence calculation which set March

15, 2026, as his full term date.  Respondent demonstrates that this error has been corrected, and

that the sentence computation as of April 19, 2012, reflects October 3, 2016, as the full term date

(and the end of his parole supervision).

### III.  CONCLUSION

The USPC not only has acted within its jurisdiction but also has demonstrated that

petitioner's sentence calculation reflects a full term date of October 3, 2016.  Petitioner has not

shown that "[h]e is in custody in violation of the Constitution or laws or treaties of the United

States," 28 U.S.C. § 2241(c)(3), and, accordingly, his petition for a writ of habeas corpus will be

denied.  An Order accompanies this Memorandum Opinion.


/s/_____
JOHN D. BATES
United States District Judge

DATE: October 31, 2012